**Edwin RUIZ,**

v.

**Dennis M. CALLAHAN.**

No. 04–4620.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) April 26, 2005.

Decided April 29, 2005.

Edwin Ruiz, Fort Dix, NJ, pro se.

Kelly R. Labby, Christine A. Sanner, Office of United States Attorney, Pittsburgh, PA, for Appellee.

Before RENDELL, AMBRO and FUENTES, Circuit Judges.

OPINION

PER CURIAM.

Edwin Ruiz appeals from the District Court's order denying his habeas corpus petition filed under 28 U.S.C. § 2241. Ruiz challenges the calculation of his good conduct time ("GCT") by the Bureau of Prisons ("BOP"). Because we conclude that the District Court's order is correct in light of our recent opinion in *O'Donald v. Johns*, 402 F.3d 172 (3d Cir.2005), we will affirm.

Ruiz is currently incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey, serving a sentence of 168 months for drug related charges. Ruiz has been in custody since March 23, 1998, and is currently scheduled for release on May 29, 2010. The BOP calculated the release date pursuant to its reading of 18 U.S.C. § 3624(b). After exhausting administrative remedies, Ruiz filed a petition pursuant to 28 U.S.C. § 2241 on May 28, 2003, claiming specifically that the BOP misinterprets § 3624(b), depriving him of 98 days of GCT. He claims that he is entitled by statute to receive 54 days of GCT for each year of his imposed sentence, rather than the BOP's interpretation that he receives credit only for time actually served. By order entered November 3, 2004, the District Court held that § 3624(b) is not ambiguous, and the BOP's interpretation is correct. Ruiz presents no other claims. He then filed this appeal.[1]

We recently decided this precise issue. In *O'Donald v. Johns*, 402 F.3d 172 (3d Cir.2005), we held that although § 3624(b) is ambiguous, the BOP's interpretation is reasonable. *Id.* at 174. We stated in *O'Donald*, that under *Chevron U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), we defer to the BOP's interpretation. *O'Donald*, 402 F.3d at 174. Thus, Ruiz's claim must fail.

In short, in light of our recent opinion in *O'Donald v. Johns*, the District Court

---

1. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. *See Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir.2002).

properly denied Ruiz's challenge to the BOP's calculation of his GCT. Accordingly, we will affirm the District Court's order denying his habeas corpus petition.